UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


OTIS BLAXTON,

        Plaintiff,

v.                                     Case No. 8:09-cv-1699-T-33TBM

ESCOBAR, RAMIREZ AND ASSOCIATES,

        Defendants.
_____

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's legal malpractice claim is barred by the expiration of the statute of limitations.[1]

### Plaintiff's Allegations

Plaintiff alleges that on February 10, 2005, Escobar, Ramirez and Associates was retained to represent him in the appeal of his criminal convictions in case nos. 98-CF-0546,

---

[1] Plaintiff states that he filed a malpractice case based in the state district court of appeal on July 7, 2008, and that the case was dismissed "without the Defendant responding" on August 6, 2008. (Case No. 2D08-3307). In that case, he alleged that the Defedants "con Plaintiff out of money malpractice. See Complaint, p. 5. He also states that the Florida Supreme Court dismissed his appeal from that case in Florida Supreme Court Case No. SC08-1571.

04-CF-22563, and 04-CF-027602004. He states that Elizabeth Beardsley, a member of the law firm, represented him in that appeal.

Plaintiff Blaxton now claims that Ms. Beardsley should not have represented him because of a purported conflict of interest. Ms. Beardsley was the public defender who represented Blaxton in his criminal case nos. 98-CF-5646 and 99-CF-22563. Plaintiff does not allege that he was unaware of that Ms. Beardsley had been his public defender at the time Ms. Beardsley became his appellate attorney in 2005. With his complaint, Plaintiff filed letters from Ms. Beardsley demonstrating that Plaintiff knew, in February 2005, that she was the member of the law firm who would be representing him on appeal..

Plaintiff seeks to have this Court "commence to properly release Plaintiff, and that Defendant suffer a pecuniary punishment in releasing the reimbursement of funds to the Plaintiff."

### EXPIRATION OF THE STATUTE OF LIMITATIONS BARS COMPLAINT

Plaintiff's claims accrued in February 2005 when he retained Ms. Beardsley to represent him on appeal. Plaintiff had four years from that date to allege any **viable** claims against Ms. Beardsley in a 42 U.S.C. § 1983 action. That time period has expired.

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716

n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3). Plaintiff Blaxton did not sign the present complaint until July 30, 2009, more than four years after his claims accrued. Therefore, his complaint is barred by expiration of the four-year statute of limitations.

Accordingly, the Court orders:

That Plaintiff Blaxton's complaint is dismissed. The Clerk is directed to terminate any pending motions, to enter judgment against Blaxton, and to close this case.

ORDERED at Tampa, Florida, on September 4, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Otis D. Blaxton